FILED
Clerk
District Court

JUL 15 2024

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | Case No.: 1:18-cr-00006-01 |
|---|---|
| Plaintiff, | |
| v. | DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MOTION FOR COUNSEL |
| VINCENT DAVID CABRERA, JR., | |
| Defendant. | |

Defendant Vincent David Cabrera, Jr., a pro se inmate at Federal Correctional Institute Sheridan ("FCI Sheridan") serving a 180-month sentence of imprisonment (Crim. J. 2, ECF No. 163), filed a motion for compassionate release (Mot. Compassionate Release, ECF No. 260) and a motion for counsel (Mot. Counsel, ECF No. 261). Cabrera cites "his suffering at Sheridan FCI and the lack of rehabilitative services and important services being provided to him during the COVID-19 pandemic" as justification for his compassionate release. (Mot. Compassionate Release 6.) The Government opposes the motion for compassionate release. (Opp'n, ECF No. 262.) To date, the Government has not filed any response to the motion for counsel, and Cabrera has not filed any reply in support of his motion for compassionate release. *See* LR 7.1(c). The Court finds oral arguments unnecessary and adjudicates Cabrera's motions without oral arguments. *See* LR 7.1(a)(2), (a)(3)(E). Having considered the record, controlling law and the evidence provided, the Court DENIES Cabrera's motions for the following reasons.

## I.   BACKGROUND

In March 2019, Cabrera was sentenced in this instant case to 180 months imprisonment for conspiracy to manufacture methamphetamine, which was affirmed by the Ninth Circuit. (J. 1-2; Mem., ECF No. 234.) In sentencing Cabrera, the Court granted him a downward variance over the Government's objection as the manufacturing was a small scale "shake and bake operation." (Statement of Reasons, ECF No. 163-1.)

On July 27, 2023, Cabrera submitted a request for compassionate release to Warden Jacquez "due to the COVID-19 pandemic in conjunction with the lack of rehabilitative services." (Mot. Compassionate Release 1; Inmate Request to Staff, ECF No. 260-1.)

## II.   LEGAL STANDARD

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." (cleaned up)). The narrow exception is that the Court may grant an inmate's motion to reduce the term of imprisonment, provided that the inmate satisfy certain conditions. § 3582(c)(1)(A). First, "the defendant [must] fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request *by the warden of the defendant's facility*, whichever is earlier[.]" § 3582(c)(1)(A) (emphasis added). Second, after considering the factors laid out in 18 U.S.C. § 3553(a), the Court must find that: (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

### III. DISCUSSION

Cabrera seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. Compassionate Release 1.) Before addressing Cabrera's motion for compassionate release, the Court first considers Cabrera's motion for counsel, which the undersigned interprets as a request to assist in his motion for compassionate release.

**A. *Motion for Counsel***

There is neither a Sixth Amendment nor statutory right to counsel with respect to a motion under § 3582(c) that seeks modification of a sentence imposed. *United States v. Bond*, No. LA CR94-00563 JAK, 2020 WL 4340257, at *1 (C.D. Cal. Feb. 25, 2020) (citing *United States v. Townsend*, 98 F.3d 510, 512-513 (9th Cir. 1996)). "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. 3006A(c). "A motion brought under 18 U.S.C. § 3582(c) does not constitute an 'ancillary matter[]' through which an appointment of counsel must continue." *Bond*, 2020 WL 4340257, at *1 (citing *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995)). "[T]he decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release or for 2255 motions) rests with the discretion of the district court." *United States v. Torres*, No. 1:07-cr-00235-DCN, 2021 WL 3037405, at *1 (D. Idaho July 19, 2021) (citing *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005)).

Here, Cabrera requests counsel as he is "not skilled in the law and will not be able to argue with the government[.]" (Mot. Counsel 1.) Although Cabrera is unsuccessful in his motion for compassionate release, Cabrera provided numerous case cites and thorough analysis all without counsel. Thus, the Court finds that Cabrera has not demonstrated sufficient good cause for

appointment of counsel and thus DENIES his motion for counsel. *See Bond*, 2020 WL 4340257, at *2 (denying request for counsel for insufficient good cause).

### B. Exhaustion of Administrative Remedies

For the Court to decide a motion for compassionate release filed directly by an inmate as opposed to the Director of the Federal Bureau of Prisons ("BOP"), the moving inmate must first exhaust the available administrative remedies "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A); see *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam). Alternatively, the inmate can satisfy the exhaustion requirement by sending a letter requesting compassionate release to the "warden of the defendant's facility," and after the passage of 30 days without a response, may seek a direct review by the district court. § 3582(c)(1)(A). The Ninth Circuit held, as a matter of first impression, that the "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked" by the Government, rather than serving as a jurisdictional bar. *Keller*, 2 F.4th at 1282. Thus, it is "mandatory in the sense that a court must enforce the rule if a party properly raise[s] it, but the objection may be forfeited if the party asserting the rule waits too long to raise the point." *Id*. (citations omitted) (cleaned up).

The Government contends that while Cabrera sent a request for compassionate release to the Warden, he failed to exhaust his administrative remedies as "his request did not describe any extraordinary or compelling circumstances." (Opp'n 3 (first citing § 3582(c)(1)(A); and then citing 28

C.F.R. § 571.61).)[1] Cabrera cites the COVID-19 pandemic and the lack of rehabilitative services as justification for his compassionate release in his letter to the Warden. (Inmate Request to Staff.) Cabrera submitted his request to the Warden on July 27, 2023, (*id.*; Mot. Compassionate Release 1), and more than thirty days has lapsed since then. Even though the Court agrees with the Government that Cabrera's request to the Warden lacks details to support a finding of extraordinary and compelling reasons, the facts presented nevertheless support a finding of an exhaustion of administrative remedies.

### C. Extraordinary and Compelling Reasons

Next, the inmate must demonstrate that: (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Previously, while the Ninth Circuit "recognized that the version of USSG § 1B1.13 in effect before November 1, 2023, was not an applicable policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A)," it "opined that the Sentencing Commission's statements in the version of USSG § 1B1.13 then in effect could inform this court's discretion." *United States v. Nishida*, No. CR 19-00025, 2023 WL 7222875, at *2 (D. Haw. Nov. 2, 2023) (citing *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021)).[2] Although the "the Ninth Circuit has not yet examined whether the Sentencing Commission's newly amended [2023] guidelines constitute applicable policy statements," district courts within the Ninth Circuit have nevertheless applied the 2023 amendment of U.S.S.G. § 1B1.13 to motions for

---

[1] An inmate's request for compassionate release to the warden must contain "[t]he extraordinary or compelling circumstances *that the inmate believes* warrant consideration." 28 C.F.R. § 571.61 (emphasis added).

[2] Even applying the 2021 version of the Sentencing Guidelines, the Court still concludes that Cabrera has failed to demonstrate extraordinary and compelling reasons warranting compassionate release.

5

compassionate release filed by defendants. *See id.*; *United States v. Ottinger*, No. 10-CR-05016-H-1, 2023 WL 8719458, at *6 (S.D. Cal. Dec. 18, 2023) ("U.S.S.G. § 1B1.13 was amended on November 1, 2023 to reflect that a defendant is authorized to file a motion under 18 U.S.C. § 3582(a)(1)(A), meaning that the policy statement is now applicable to both defendant-filed and BOP-filed motions." (citations omitted)); *United States v. Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023) ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does." (citations omitted)); *United States v. Gouveia*, No. CR 08-00739 SOM, 2024 WL 2214556, at *2 (D. Haw. May 15, 2024) ("Effective November 1, 2023, USSG § 1B1.13 was amended to apply to motions brought by both the BOP Director and individual defendants. The provision is now the applicable policy statement with respect to compassionate release motions." (citations omitted)).

The relevant statements explain that a court may reduce a term of imprisonment if it determines that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a) The Guidelines further explain that

> Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) Medical Circumstances of the Defendant.—
>
> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—

>> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b).

    Three years prior to the 2023 amendment, this Court observed that "the ongoing pandemic—grave as it is—does not entitle every federal inmate to immediate release" but found that Jordan Jucutan, an obese and asthmatic inmate at FCI Sheridan, presented "exceptional" circumstances such that it granted his motion for compassionate release in September 2020. *United States v. Jucutan*, No. 1:15-CR-00017, 2020 WL 5801705, at *1, *5 (D. N. Mar. I. Sept. 10, 2020). In rendering its decision, the Court observed that Jucutan had documentation from his physicians noting his recent medical

history and had served almost 75% of his 28-month sentence for wire fraud and aggravated identity theft. *Id.* at *1-2. Further, the Court recognized the prosecutor's remarks at Jucutan's sentencing, that Jucutan

> is not an individual who is, like, corrupt or evil to his core. Rather, that he is a good person, who made a bad mistake repeatedly over a short period of time. . . .I don't think he is an individual that needs to be rehabilitated. I don't think this is a crime that [he] will repeat.

*Id.* at *1. "Jucutan has maintained in prison the same positive character that the prosecutor described at his sentencing" as his "BOP progress report indicates that his behavior at FCI Sheridan is exemplary." *Id.* at *5.

Here, the Court finds that Cabrera's proffered reasons do not constitute extraordinary and compelling circumstances that warrant compassionate release. Cabrera explains that because of the COVID-19 pandemic, FCI Sheridan has become almost inhabitable with deplorable conditions, such as lack of running water for days on end and prison guards assaulting various inmates; further, the pandemic has limited his access to rehabilitative services. (Mot. Compassionate Release 1-4.) He states that he is a high-risk patient susceptible to contracting COVID-19 and he "continues to have severe coughing fits, chronic muscle fatigue, joint pain, frequent headaches, and is frequently short of breath." (*Id.* at 5.)

Although Cabrera asserts that he is a high-risk individual susceptible to COVID-19, he does not specify his underlying condition(s). Cabrera is only forty-six years old. (Am. Final PSR 2, ECF No. 133.) Nevertheless, a review of his amended final presentence investigation report reveals that similar to Jucutan who was asthmatic and obese, Cabrera suffers from asthma and sinus problems. (*Id.* ¶¶ 118-119.) However, and more importantly, the world is no longer plagued by COVID-19 without

8

any vaccination to allay an infection as it was in September 2020, when the Court granted Jucutan compassionate release. First, COVID-19 vaccinations are now readily available to provide protection from this virus. Second, the U.S. Congress in early 2023 passed a joint resolution terminating the President's national emergency declaration related to the COVID-19 pandemic. National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Thus, there is not an ongoing public health emergency to support a finding of extraordinary and compelling reasons related to COVID-19 pursuant to U.S.S.G. § 1B1.13(b)(1)(D)(i)(ii).

Further, as to Cabrera's complaint regarding his limited access to rehabilitative services, prior courts have found such circumstances insufficient to constitute extraordinary and compelling reasons justifying compassionate release. *United States v. Pankey*, No. 2:20-CR-149, 2023 WL 3166716, at *4 (S.D. Ohio May 1, 2023) (collecting cases).[3] Therefore, the Court concludes that Cabrera's circumstances do not constitute extraordinary and compelling reasons necessary for compassionate release.

### D. Section 3553(a) Factors

Finally, even assuming that extraordinary and compelling reasons exist in this case, the Court would still deny Defendant's motion on a balancing of the 18 U.S.C. § 3553(a) sentencing factors. This inquiry requires the Court to examine the following seven factors under § 3553(a) in deciding a motion for compassionate release: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences

---

[3] Moreover, to the extent that Cabrera asserts limited access to rehabilitative services, such a claim undercuts a finding that Cabrera is no longer a danger to the safety of any other person or to the community, especially given the gravity of his conviction.

available; (4) the established sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims. Here, unlike Jucutan, who the prosecutor described as "a good person, who made a bad mistake" and was unlikely to recidivate, Cabrera has a lengthy criminal history beginning with his prior federal conviction of possession with intent to distribute, and numerous local convictions for domestic violence and stalking (Am. Final PSR ¶¶ 97-100.) Moreover, Cabrera has only been incarcerated for sixty-four months, and with his credit for time served of 354 days, (*id.* ¶ 18), he has served about 42% of his 180-month sentence compared to the almost 75% that Jucutan had served. *See United States v. Garcia*, No. 1:18-cr-00126-DAD-BAM-1, 2021 WL 5054415, at *7 (E.D. Cal. Oct. 30, 2021) ("The length of the sentence remaining is an additional factor to consider in any compassionate release analysis, with a longer remaining sentence weighing against granting any such motion." (collecting cases).) Cabrera's lengthy criminal history, which involved a prior federal imprisonment as well the nature of the latest conviction for the serious crime of conspiracy to manufacture methamphetamine, one involving the dangerous "shake and bake" method, all counsel against early release.

## IV.   CONCLUSION

The conditions Cabrera describes while incarcerated are reprehensible; however, Cabrera's personal circumstances as presented do not rise to the level of extraordinary or compelling reasons to warrant compassionate release. Based on the foregoing, Cabrera's motion for counsel and motion for compassionate release are DENIED.

IT IS SO ORDERED this 15th day of July 2024.

_____
RAMONA V. MANGLONA
Chief Judge